EDWARD R. McGLYNN, TRUSTEE, ETC., PLAINTIFF-AP-
PELLEE, v. ALFRED J. ELLIS, DEFENDANT-APPEL-
LANT.

Decided February 20, 1923.

For the plaintiff, *William F. Delaney*.

For the defendant, *Warren Dixon*.

PER CURIAM.

This is a suit in replevin for an automobile. The plaintiff is a trustee in bankruptcy of the A. L. Kirby Company. The defendant, Ellis, was an officer of that company. The Kirby company bought the automobile and had a bill of sale for it in compliance with the act of 1919, chapter 168. This act makes it unlawful to sell or purchase any motor vehicle except in the manner and subject to the conditions therein provided. One of the conditions is that in all sales or purchases of a

motor vehicle direct from the manufacturer or through an agent or agency of such manufacturer, there shall be issued to the purchaser a manufacturer's bill of sale containing the manufacturer's number on the engine or motor of the vehicle sold. In all other sales it is required that the original bill of sale shall be assigned by the seller to the purchaser by an assignment, witnessed by two persons, and acknowledged by the seller before a notary public, and all such assignments shall at all times be kept and attached to the original manufacturer's bill of sale. These provisions are obviously intended to assist in protecting automobiles from the danger of theft.

We see no reason to doubt their validity. The Kirby company had a bill of sale in compliance with the statute. The defendant never had. Of course the bill of sale for the automobile was properly admitted in evidence. It was a necessary document of title. We think the questions objected to in ground of appeal Nos. 2, 3, 4; 5, 6 and 7 were properly overruled. We are unable to see what relevancy the proffered evidence had to the case.

We find no error in the record. The judgment must be affirmed.